BELLSOUTH ADVERTISING &            )
PUBLISHING CORPORATION,            )
                                   )
        Plaintiff/Appellee,        )
                                   )
                                   )        Davidson Chancery
                                   )        No.  94-1003-III
VS.                                )
                                   )
                                   )        Appeal No.
                                   )        01-A-01-9505-CH-00213
REUBEN BONILLA and MARCO           )
BONILLA, PARTNERS d/b/a CAR        )
STEREO SHOP and MOBILE PHONE       )
CENTER,                            )
                                   )
        Defendants/Appellants.     )

**FILED**

**Oct. 19, 1995**

**Cecil Crowson, Jr.**
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


HONORABLE ROBERT S. BRANDT, CHANCELLOR


Worrick G. Robinson
ADAMS & WHITEAKER
Suite 201
444 James Robertson Parkway
Nashville, Tennessee  37219
ATTORNEY FOR PLAINTIFF/APPELLEE


GRANT C. GLASSFORD
150 Second Avenue North
Suite 300
Nashville, Tennessee  37201-1902
ATTORNEY FOR DEFENDANT/APPELLANT,
REUBEN BONILLA


AFFIRMED AND REMANDED


                              HENRY F. TODD
                              PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

BELLSOUTH ADVERTISING     )
PUBLISHING CORPORATION,     )
    )
    Plaintiff/Appellee,     )
    )
    )     Davidson Chancery
    )     No. 94-1003-III
VS.     )
    )
    )     Appeal No.
    )     01-A-01-9505-CH-00213
REUBEN BONILLA and MARCO     )
BONILLA, PARTNERS d/b/a CAR     )
STEREO SHOP and MOBILE PHONE     )
CENTER,     )
    )
    Defendants/Appellants.     )

O P I N I O N

One of the captioned defendants, Reuben Bonilla, has appealed from the judgment of

the Trial Court overruling his motion to set aside a default judgment in favor of the captioned

plaintiff. The notice of appeal states:

> Notice is hereby given that Reuben Bonilla, defendant named
> herein, hereby appeals to the Court of Appeals from the order
> entered in this cause on the 21st day of November, 1994.

The referenced order reads as follows:

> This action was heard on November 4, 1994, on defendant,
> Reuben Bonilla's, Motion to Not Enter Default Judgment or, in
> the Alternative, to Set Default Judgment Aside, the statements
> of counsel and the record, from which the Court finds that the
> defendant, Reuben Bonilla, failed to file a response to the
> plaintiff's Motion for Default Judgment as required by Local
> Rule §12.04, failed to appear on the hearing date for said
> motion, failed to retain counsel until after the hearing date of
> said motion, and has offered no proof that said failures are the
> result of mistake, inadvertence, or excusable neglect. The
> Court further finds that whether there was misunderstanding or
> miscommunication between attorneys for the parties respecting
> entry of the default judgment order is immaterial and is not
> controlling.
>
> It is, therefore, Ordered, that the defendant, Reuben Bonilla's,
> Motion Not to Enter Default Judgment or, in the Alternative, to
> Set Default Judgment Aside is DENIED.

Appellant presents the following issues:

> I. Whether the Chancery Court erred by not granting appellant's motion under Rule 60.02 Tenn.R.Civ.P. to set aside the default judgment based on mistake, inadvertence or excusable neglect.

> II. Whether the Chancery Court erred by entering a default judgment against appellant.

On April 7, 1994, plaintiff sued Reuben and Marco Bonilla, partners d/b/a Car Stereo Shop and Mobile Phone Center, for $9,383.52 plus late charges and costs of collection due for telephone directory advertising pursuant to a contract not exhibited to the complaint.

On September 23, 1994, plaintiff moved for default judgment against Reuben Bonilla for failure to timely answer and for entry of partial final judgment as provided by T.R.C.P. Rule 54.02.

On October 12, 1994, counsel filed a "Notice of Appearance" on behalf of Reuben Bonilla.

On October 14, 1994, defendant filed a "Motion Not to Enter Default Judgment; or in the Alternative, to Set Aside Default Judgment;" supported by copies of correspondence between counsel dated October 12, 1994.

On October 17, 1994, the Trial Court entered an order granting final judgment against Reuben Bonilla for $12,784.62.

On November 21, 1994, the Trial Court entered an order overruling the "Motion Not to Enter Default Judgment or in the Alternative, to Set Default Judgment Aside."

On December 21, 1994, Reuben Bonilla filed a "Motion to Alter or Amend the Order entered on November 21, 1994," supported by affidavit of Reuben Bonilla.

On December 21, 1994, at 2:19 P.M., Reuben Bonilla filed a "Tendered Answer to Complaint."

On the same date, December 21, 1994, at 2:25 P.M., Reuben Bonilla filed a notice of appeal from the order entered on November 21, 1994.

On April 28, 1995, the Trial Court entered an order overruling the motion of Reuben Bonilla to alter or amend.

T.R.C.P. Rule 55.02 provides:

> Setting Aside Default. - For good cause shown the court may set aside a default in accordance with Rule 60.02. (Emphasis added.)

T.R.C.P. Rule 60.02 provides:

> Mistakes - Inadvertence - Excusable Neglect - Fraud, etc. - On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reasons justifying relief from the operation of the judgment. . . .

The record reflects that the complaint was served upon appellant on April 12, 1994, but no answer was filed until December 21, 1994, eight months and 9 days after service of the complaint, 89 days after motion for default, two months after default judgment and one month after entry of the order overruling the motion to set aside the default, from which order this appeal is prosecuted.

Stated otherwise, the answer was filed on the last day allowed for appeal six minutes before jurisdiction of the Trial Court was terminated by notice of appeal.

The record contains no excuse for the failure to file an answer to the complaint at any time after the "Notice of Appearance of Counsel" on October 12, 1994, and before the entry of judgment on October 17, 1994.

The record does indicate a telephone conversation between counsel on October 6, 1994, in which counsel for defendant stated that "he would possibly be representing defendant" and requested that no action be taken until he advised plaintiff's counsel whether he would represent plaintiff or not. The affidavit of defendant's counsel asserts and the affidavit of plaintiff's counsel denies that plaintiff's counsel stated that he would "possibly strike the motion for default and take no action until further communication from defendant's counsel." The Trial Court evidently resolved this conflict of testimony adversely to defendant.

The record also contains a letter from defense counsel to plaintiff's counsel dated October 12, 1994, and stating:

I will file a responsive pleading promptly.

(The responsive pleading was filed on December 21, 1994.)

The record also contains a reply from defense counsel dated October 12, 1994, stating:

> When we talked on that occasion you told Mr. Robinson and me that you had not made the decision whether to participate in this case and would advise us your decision by 10 o'clock on the following morning, October 7, 1994, the day the plaintiff's motion for default judgment against Reuben Bonilla was scheduled on the 9 o'clock motion docket. Mr. Robinson and I advised you that if you notified us of your participation by 10 o'clock on that morning, we would not enter the default judgment. Nothing further was heard from you until your fax mentioned above. Having heard nothing from you, and no response having been made to the motion for default judgment,

> on October 11, 1994, we filed the default judgment order,
> default judgment certificate, and affidavit in support of
> application for attorneys' fees with the Clerk.  Copies of these
> are enclosed.

Even though the misunderstanding between counsel might excuse a slight delay in filing an answer, the October 12, 1994, letter of plaintiff's counsel adequately notified defense counsel of the necessity of promptly filing an answer as he had promised to do.

T.R.C.P. Rule 55.01 reads as follows:

> Entry. - When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered as follows:

> The party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein.  If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least five (5) days prior to the hearing on such application. . . .

The primary purpose of this rule is to enforce timely response from a defendant. There is no indication in the record that any appearance was made by or for the defendant until October 12, 1994, 19 days after the motion for default judgment was filed.

A defendant who has not appeared in the action is not entitled to notice before default. *Patterson v. Rockwell, Int'l.,* Tenn. 1984, 665 S.W.2d 96.

The appearance of counsel on October 12, 1994, did not impose a duty of notice of a motion previously filed on September 23, 1994.  However, the letter of plaintiff's counsel dated October 12, 1994, was five days notice to defense counsel before the entry of default judgment on October 17, 1994.

The Trial Court did not err in granting default judgment on October 17, 1994, because at that time, there was no responsive pleading of the defendant before the Court.

The Trial Court did not err in its order of November 21, 1994, overruling defendant's motion to set aside the default judgment because, on that date, there was before the Court no answer or other responsive motion or pleading to form an issue between the parties and no showing of any acceptable excuse for failure to so respond or legitimate explanation or excuse for failure to do so.

The long delayed tender of an answer just six minutes before the Trial Court lost jurisdiction of the controversy was an unacceptable cure for the previous delay.

Defendant seeks to have this Court consider evidentiary matter which was not timely presented to the Trial Court. The gravamen of this effort is the contention that the contract forming the basis of the subject obligation did not obligate defendant, but a corporation; yet the tendered evidence includes a copy of the contract which identifies the contracting party as Car Stereo Shop and MBI Phone Center and is signed Reuben Bonilla. Nothing in this instrument suggests a corporation or any representative capacity of Reuben Bonilla. No evidence is offered that the plaintiff was on notice that Reuben Bonilla was signing as agent rather than as an individual.

A motion to set aside a default judgment is addressed to the sound discretion of the Trial Judge. *Tenn. Dept. of Human Services v. Barbee,* Tenn. 1985, 689 S.W.2d 863.

Under Rule 60, the burden is upon the moving party to show facts explaining why such party was justified in failing to avoid the mistake, inadvertence or neglect. *Tennessee State Bank v. Loy,* Tenn. App. 1980, 609 S.W.2d 525. This defendant has wholly failed to demonstrate any acceptable excuse for failure to appear from April 23 until October 12 and

for failure to respond to the complaint from April 23 until December 21, and has failed to timely present to the Trial Court satisfactory evidence of a legitimate defense to plaintiff's suit.

Appellant complains that a copy of the contract was not attached to the complaint as required by T.R.C.P. Rule 10.03. This would have been an appropriate subject for a responsive pleading, but is not a ground for voiding the judgment or for relief under Rule 60.02.

Appellant next faults the motion for default judgment for its reliance upon T.R.C.P. Rule 54.02 rather than Rule 55. This technicality does affect the validity of the judgment or authorize relief under Rule 60.02.

Appellant also challenges the notice of motion for default for varying from the verbiage required by local rules. This technicality does not affect the validity of the judgment or justify relief under Rule 60.02.

Defendant asserts that no prejudice to plaintiff will result from setting aside the default. To condone the unjustified failure to properly and timely present a defense would result in prejudice to the judicial process.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the defendant. The cause is remanded for further proceedings.

Affirmed and Remanded.

                                      _____

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____

SAMUEL L. LEWIS, JUDGE

_____

BEN H. CANTRELL, JUDGE